Case number 22-7148, Hdeel Abdelhady for the balance versus George Washington University et al. Ms. Abdelhady for the balance, Mr. Amey for the appellees. Good afternoon, counsel. Ms. Abdelhady, please proceed when you're ready. Thank you, Your Honor, and good afternoon. I believe this case will be different from the last. It's not that complicated. May it please the Court, my name is Hdeel Abdelhady I'm the appellant in this case, and I'm here on my own behalf. I'd like to reserve, please, three minutes for rebuttal. Thank you. This case, the law in this case is straightforward, but the record, I think, has been meddled somewhat over the course of this appeal. So what I'd like to do with this time is to, of course, address any questions that the Court has and also to reiterate the relief that I am seeking and why the Court should grant that. And also, I'll be discussing the Hubbard case and its factors, although I think those are well known. But I do want to clarify some facts and distinguish between what is before the Court and what is not before the Court in the course of discussing Hubbard. I am asking this Court to do two things. First, to reverse the District Court's order on appeal, and second, to enter an order or direct the District Court to place under seal the 16 documents that are an issue that contain the medical information that is an issue. That relief is appropriate in this case, unlike most of the cases. In fact, I think it's all of the cases that have been discussed in my brief in the University's reply, or its brief in my reply. The Court in this case, the District Court, did not at all apply Hubbard. We have an eight-line minute order in this Court's cases from Hubbard and in the 40 years since, the unbroken line of cases, amplifying and reinforcing that rule. Where the Court here has found that the District Court has not adequately addressed the Hubbard factors, or any one of them in some cases, the remedy, the action has been to remand, to reverse the District Court. In this case, we have something different, which is no discussion of Hubbard whatsoever. We have an eight-line minute order dealing with 16 documents. So, reversal is the appropriate first step in this case. In terms of my asking the Court to essentially end this case here, by directing the District Court to place the documents under seal, that too is appropriate, and it's warranted under precedent. In the case of Hardaway, for example, which did involve medical information and a medical report, I believe the language was there, this Court directed the District Court to place the documents under seal. This Court also prospectively made the same directive with respect to future filings. I'm not asking for that. I am talking only here about the filings that were made by the University in September of 2022. In Hardaway, again, yes? In your argument about Hubbard, would you agree that the District Court doesn't have to cite to Hubbard for its analysis to be sustained on appeal? As long as its analysis covers the factors implicated or relevant in that case, that would be sufficient. Sure. I am not suggesting that this is a matter of a perfunctory citation or a missing citation. I am speaking in substance of the contents of the District Court's orders. It's eight lines. It makes a reference to... There were eight lines and it were covered. Again, I'm just saying, I think we have to focus on the substance and not whether it used particular words. If we see that it made, it considered the types of considerations that are outlined in that, that didn't happen here in those eight lines. But if the Court had covered everything that's implicated, that would be sufficient. I believe, yes, it would be sufficient, so long as in substance, the District Court applied the Hubbard framework and provided a full explanation. The District Court did not do that here. What's missing? Which Hubbard factor, when we look at these lines here, which Hubbard factors were not considered? What are the Hubbard flaws? Well, first, there was no discussion of the public need, the first Hubbard factor. The District Court states here... The public need for... To access the documents. I know, but that's not one that helps you. That's not a factor that's in favor of a sealing, so I'm not sure why that would matter to you. Well, I do believe that it does matter to me because it is a Hubbard factor, and the public does... It's a strong presumption, of course, in favor of public access, but we have to remember also the purpose of the public access doctrine, which is to enable the public to monitor the business of the courts, the quintessential business being orders and other communications, judges, decisions, et cetera. And so the question is, what does the public need? And in the Hubbard case itself, the court discussed what use the public would have for the documents that were an issue in that case. In EEOC, for example, involving National Children's Center, the court discussed a consent decree that the District Court sealed and discussed the fact that the public would have need to access that sealed consent decree because it involved the provider of important services. So it is not... Although the presumption of public access is strong, it is not a given that the public will have access to everything, and the court was required to consider public need. And most recently in In Re LA Times, this court made that clear. So how is there not... This is a tort case for medical injuries, for injuries, physical injuries and related matters. And how is the public... How is that factor going to favor you in a way that it would make sense to remand for the District Court to address that factor since the public would... If the court is going to, as your complaint requests, if it were to award violations that you enumerate in your complaint, isn't the public necessarily going to need to know to some extent what those injuries for which compensation was awarded are so they can know whether this was... Was the court performing in its adjudicatory role in a sensible manner? Yes, I understand that. The public here in the redacted complaint at ECF number 14, which is the only version that the District Court referenced, the public does here in the public redacted complaint have as much information as it needs to understand that one count which you're referring to, which is the negligence count. The others are intentional acts counts, not negligence counts, have nothing to do with these injuries. What I have redacted is not wholesale redaction. I have not placed it under seal entirely. I have redacted diagnoses. I have essentially redacted information that would appear in a medical record. Is a diagnosis not going to be relevant to the damages sought and calculated? Well, if the case goes forward, this case was now at the point in an order that came after the order that is on appeal here. The court dismissed that negligence claim not in consideration of any injury, whether it occurred by ability, anything like that. No, the court dismissed some of the negligence claim. It granted the university summary judgment in reliance on its interpretation of the District of Columbia Workers' Compensation Act that had nothing whatsoever to do with whether these injuries occurred. So the public, yes, does have a right of access. But you were the one who filed the motion to seal and we disagree with that summary judgment decision. But at the time you filed your motion to seal, which is long before the summary judgment. That's correct. It was about a month before. Right. So what would the argument be that the public would not have an interest in understanding exactly what the injuries were before a court of law award? Well, because the summary, the court's memorandum order, the dispositive order and the accompanying opinion does not discuss any of those injuries. It has nothing to do with them. And in fact, the district court confirmed that by redacting from its own memorandum opinion that it issued on November 29th the very information that is an issue here. The public knows from the complaint, the circumstances of the accident. It knows other details about the accident and the injuries that it doesn't know, for example, on what date or in what month plaintiff went to which provider for treatment for X injury. And I think the court should also consider my interest here in terms of privacy and the prejudice to me as the court considered the same thing in Hardaway. We are talking about detailed information. Yes, it is contained in the complaint. What public interest is there in having those details? And the court should also take into consideration that we are talking today, unlike in the Hubbard 1980 time, we are talking about electronic access to records by anyone anywhere in the world, including through parties who sell court records. So why should anyone anywhere in the world have access to these details when it's not necessary to understand the nature of the allegations in the claim? You know, the court in the Supreme Court, for example, in the Nixon case, stated that the court's dockets are not reservoirs, whether it be for liable libelous content or to satisfy any morbid interest. And it's not tabloid material. So there is no reason still that the public has for the purpose of the public access doctrine to monitor the judiciary, to know the details of plaintiff's injuries or any diagnoses that were made. And again, I've not concealed from the public the information that is needed to understand that first negligence count that has not been concealed. And I'd like to. Oh, I'm sorry. There's a sentence in the minute order. I guess it's the fourth line. It says on the court's review, those documents contain no medical records or details that the plaintiff herself does not already mention in the redacted amended complaint. Do you believe that that statement is factually correct? No, I believe it's factually incorrect. And I've discussed that in the brief and in the reply brief, but it's discussed in the brief that is factually incorrect. If it is factually, let's assume for the sake of argument that it is factually incorrect. Then your position that that demonstrates an abuse of discretion. Yes, it does. And then regardless of whether Hubbard is cited or analyzed or all of the factors of Hubbard were considered properly, I assume it's your argument that to the extent the even if the district court kind of understood Hubbard completely. Yes, Judge Wilkins, I would agree with that. And I would add to it record facts that the order where it says medical records, three sentences up or two sentences up the district court sealed one document because it contained medical provider names. That document is not a medical record. And yet it denies as to the rest of the documents because they are not medical records. So that is an internally inconsistent aspect of that. It is inconsistent, by the way, with the district court's June and July 2022 orders feeling the very information that is an issue here. And that seal remains except with a big hole in it that GW blew into this. And it is also inconsistent with the district court's December 1st order, granting my motion to redact from its first version of its memorandum that is electronically available the same references to the conditions or the diagnoses that are discussed. So I would agree with your honor and add those record facts. My time is up and I'd like to add, if I may, one more thing that's important here. There is Hubbard, there is the abuse of discretion, but there's also the issue that the documents, all of them that were generated in the DOES were filed without authorization. These are documents that pursuant to that agency's policy and procedure were not public. In the district court, with my motion to seal, I filed, I believe it was 10 exhibits, and a number of those addressed the fact that they were not public documents. I also filed a copy of the DC Court of Appeals docket sheet that, by the way, had nothing whatsoever to do with merits of any claim or any case. No adjudication of merits has ever occurred here. But I filed that docket sheet showing that the case was sealed and that these documents were but under in-ray sealed cases involving the FEC, University here is the FEC. It is filed without authorization and this court should, as an FEC, reverse on that basis. It should overturn that filing. Do you want to talk about jurisdictional appeal? Yes, thank you. Your honor, when this under the collateral order doctrine. This is collateral to the merits and that remains the case. Now, of course, subsequently what happened is that the memorandum opinion that we were talking about in November was entered. And after that, in March of 2023, the two remaining defendants, against whom only two negligence claims were asserted, nothing else, they were dismissed from the action without prejudice under Rule 41A2. That is by court order. Now, there is a second appeal from the district court. And in that second appeal, the question of jurisdiction was raised by this court, Luis Fonte. The court entered an order in July dismissing. The panel did. I have filed a petition for rehearing. But my position in this brief is that when this appeal was taken, it was appealable under the collateral order. How do you fit within the Supreme Court's decision in Mohawk that requires us to find, first of all, to identify what the category of information is that's subject to collateral review and to be very, very demanding and exacting in doing so. And so what is the category of information that you say is subject to collateral review here? Well, the category of information is the medical information. It can't be medical information, can't be the category. You know, I see you wear glasses. That's a medical condition. But that's not something that could be sealed. It's publicly known and available. And your complaint has some details about your medical injuries that you aren't claiming should be sealed. And then there are others that you claim that you wish to have, other aspects that you wish to have sealed. So we couldn't define the category as medical information. So I'm trying to understand, to apply the Mohawk analysis, we have to first understand what is the category that you're saying is subject to collateral review? What category of information has to be reviewed collaterally? Well, it's possible that I'm not understanding your question on Mohawk and the category, but then I would give you a subset of medical. And I'll give you a second. The subset, and that's what we're dealing with here, is information that comes or that has its source as a medical. It is one thing to observe that I wear glasses. It is one thing for the complaint, for example, to refer to a visibly bruised left arm. It is another thing entirely, the information that I'm talking, that is an issue here, and that I have sealed. And that is information that is sourced in a medical record. And so I would define that as one of the categories. The other, of course, is that there are documents in a medical record is your category. That's one of the two categories. Nothing in the public record of this case, stuff that you have not asked to be sealed, that is also contained in a medical record. That's right. What I have asked to seal, again, if you look at my brief at pages four. It's going to be a medical record that you were injured on such and such a date. I'm sorry? The medical record will include that you were injured on such and such a date, in such and such a place, in such and such an incident, and that is not something you're seeking to have sealed. That's in your redacted complaint. Yeah, let me actually restate my subcategory, because I think I understand. No, no, I understand. I want to, I get your point, and you are correct. That information would appear in a medical record. I'm not concerned about, that's not the information. We're talking about diagnoses. I'm talking about provider names. I'm talking about, you know, the progression of an injury that is discussed in the complaint. That is not information that is revealed in the public version. Okay, if we were to write an opinion, the first thing we have to do is say we have jurisdiction, and we would have to articulate in an opinion what category of medical information it is that, if we were to agree with you, that is subject to collateral order review, and I think you're agreeing at this point that it's not all medical information. It's not even all medical record information, and so how would you, if we handed the pen to you to write the opinion, say, here is a subset of medical information that has a privacy value of great importance to the public, that Mohawks has an interest of the highest order, that should be subject to collateral review? Well, I would say that it is information, again, that would be in a medical record that is a diagnosis that discusses treatment, that discusses provider names, that discusses dates, that discusses, you know, one injury in particular, and I think, you know, I'm not going to mention it, but that was a protracted matter, and so those types of information I would define as the category. I am not, you know, obviously there is a claim here that is a negligence claim, and something happened, right, and I have to discuss that, and the public should be able to access that, but again, anything that I have not revealed in the redacted amended complaint at ECF-14 is that category. Now, I don't know that that gives you the definition or category that you want, and I understand you're referring to Mohawk, but I would also refer to the Diab case that I cite in the brief where there was a question about videotapes, for example, that was a very different context, but Guantanamo Bay detainee videotapes, and there the court determined that that was a matter over which the court had jurisdiction under the collateral order doctrine, notwithstanding the fact that those same videotapes were relevant to the merits in that particular case, so I don't know. I mean, I don't know if your honor is asking to have a completely separable category, but I'm allowed to decide it case by case. I can't have a case-specific description. The Supreme Court has said that, so that's why I'm struggling with the category here. Okay, well, I would say that it's the medical information subset that is diagnosis, treatment, providers, details that the public does not need to understand why this claim has been brought and that has not been revealed. I would add the second category, which is that there are documents that were not public pursuant to agency policy. We are dealing here with a workers' compensation scheme where medical information, financial information, other information will, by necessity, be included, and that's why they are afforded those protections, and the filings here were made in violation of that and in violation of another court's sealing order, and that's the D.C. Court of Appeals. Can I understand that you attach the order of the District of Columbia Court of Appeals that granted what appears to have been a consent emergency motion to seal the agency record, and it says which contains personal identifying information as well as medical reports, and it says the entire agency record is hereby sealed. Is there a local law or regulation that the D.C. Court of Appeals was operating pursuant to? The D.C. Court of Appeals did not one, nor did I. No, actually, let me take a step back. It's not in the record. I did file a motion, and I should say the consent was with the D.C. government, with the Office of Attorney General, who was representing the agent, not with the George Washington University. GW didn't oppose, and he was a full-fledged participant as an intervener, but I believe, and I don't want to commit to this because I'm now working from memory, but I believe that in my motion, I cited, as I did in the District Court here, medical privacy regulations, federal, District of Columbia, and state because there were two, I believe, two Maryland medical providers that were also involved here, and so those, I believe, were cited, and I'd have to go back and look at my motion to confirm that, but I think the District, the Court of Appeals took that into consideration. I have to assume so, and I should add, if I may, that the entire case is, and I filed the D.C. Court of Appeals case, that is. I filed in the District Court with the motion to seal an exhibit that is one of the docket pages from that case, and it says in red that it's sealed. There was no dispute as to that. The university chose not to address it. Let me ask you a different question on jurisdiction. Why is this something that can't be remedied after final judgment? Because there's an injury right now. The documents that were filed without authorization remain on the public docket. Information that is sealed remains on the public docket. There is one word in particular, and this is discussed, I believe, at page four or five of my something-like-that times in the university's documents that it filed. Meanwhile, in June and July of 2022, I followed the procedures, and I requested that that information be sealed. The court granted those motions. So what the university did was, without leave, to diminish the rights that I obtained in June and July, and to diminish further the rights that I relied on, owing to D.C.'s DOES policy and procedure, and also the D.C. Court of Appeals' sealing. So there is an injury. It started in September of 2022, and it persists today. And I would also ask that if the court does remand to the district court, I would ask that the court direct the district court to place these documents under seal pending final resolution of the issue or the case. Is it your view that we have to seal something just because a local agency or a state court sealed it? They sealed the entire case, not the smaller categories of information you're talking about. The entire case was sealed. Well, this court's rules, under this circuit's rules, if a matter is sealed in the district court or in an agency, then it's sealed in this court. Those are federal. You're talking here about a district, sort of a state, for these purposes. We have a federal common law right of access to judicial records that we have to cue to and can't be controlled by. However, states may want to define their own privacy records or right of access, common law right of access to judicial records. But the fact that something was sealed somewhere else doesn't mean that it has to be sealed here. You have to make the same kind of showing. And for our purposes, you have the same kind of mohawk argument to even have jurisdiction to make that showing. Well, your honor, whether the federal court must defer or continue state sealing, the reality is here that these documents were generated in a particular agency. And when you go to that agency, you go to the D.C. Court of Appeals. That's a different issue. We're not here to enforce D.C. employment agency, D.O.E.S. rules. That's not our job. That's not the nature of your action. And so you haven't sought an injunction or mandamus or anything like that, even assuming you could do it. So I'm not quite sure what to do with the argument. These things were sealed somewhere else. And so it was a here. There's plenty of times things are sealed elsewhere, even including in district courts, where this court will go, well, that was way too much sealing and we're not going to enforce it. Well, I want to clarify my argument. It's not that this court is bound or the district court was bound by the sealing order. It is that that sealing order pertained to the George Washington University's conduct. It was a party in those cases for that administrative matter. And the only reason it had the documents that it filed is because it was a party. Now it claims that it could access them under FOIA. This is a new argument. It's not accurate. The university also now states that the documents have been public since September of 2022, when it filed them. So it's benefiting. It wants to benefit from filing them. The question here is about G.W.'s conduct in filing them. A party, just because this is a federal court and this has not been briefed, and maybe it should be if it's a point of interest, but a party, you know, a court sealing order or an agency's policy has to mean something, even in a federal system, if it originates in a state or in the district. Otherwise, what, a party comes into the federal court and a sealing order or an agency policy becomes meaningless? I mean, you violated state law and you go to state court or back to the state agency to impose sanctions. But that's a different question from what you're asking here, I should think it's irrelevant under this court's law. I mean, again, I'll go back to the in-race sealed cases and the FEC. Sure, it was a federal agency, but what this court examined is whether the FEC filed without authorization. Now that matter was governed by the Federal Election Campaign Act and by the implementing regulations that were very clear, but that was a source of authority that governed the conduct in that case. And in FEC, the court did not reach Hubbard because it decided that the filing itself was not authorized. Here we have agency policy and procedure. I have a reliance interest and I have a reliance interest as well on a DC Court of Appeals sealing matter. And so I believe that this court should look to the policy, to the sealing order, sealing the whole case as a source of authority. Is it like the FECA? No, but it is a source of authority. The federal courts also don't disregard state law simply because it's a different system. I would add as well, in the District of Columbia, there is also a right of public access. It is not that the District of Columbia Court of Appeals operates in secrecy, it is that it recognized a legitimate interest in restricting that access. Can I just clarify something? So is it your position that whatever was ordered sealed by the District of Columbia Court of Appeals cannot be publicly filed in the U.S. District Court? I'm not going to state that as my position as a rule. Well, just let me ask a different question. Is there anything that was ordered sealed by the District of Columbia Court of Appeals that you have publicly filed in the U.S. District Court or in our court? Let me just, I want to say the answer is no, I'm quite sure it is, but I don't want to misinform you or misspeak. So in the D.C. District Court, no, I did not file any document that was under seal, nor did I file any DOES document. And in this court, the only document that I have filed, well, actually, this is not true. I filed the docket sheet of the D.C. Court of Appeals case. So that's what I filed in support of my motion to seal, pages of that, which you cannot access via the Court of Appeals. But it is known that there was a case. And in this court, of course, I filed with the reply brief a copy of the Court of Appeals order sealing the agency record, which is distinct from the whole case being sealed. And I did that because the George Washington University, in its brief, claims that there was no such order or suggests that there was no such order. I guess the reason I ask what I'm getting at is the questions that were about Mohawk and categories. Perhaps I'm confused. I thought that the gist of your argument was that category here of documents are a category of documents that are protected by local law or by a local court order. We can debate whether or not that order or that law is too restrictive or not. But I thought that for the Mohawk analysis, it wasn't just documents that, you know, might have some medical information or how you define diagnosis or how you kind of chop that up. That the category here was this is a category of documents that were all have been ordered, um, sealed by the highest court of the local jurisdiction, that some of which have been filed in the U.S. District Court. And that's the category. When you have kind of that category, then that's for the categorical analysis, so to speak, of Mohawk, that that's the category. But am I misunderstanding your argument? No, I don't think you are. But I think there is perhaps a gulf here. And maybe I'm misunderstanding the question about Mohawk because the that was a question I think that was raised with the collateral order document. But in this, if we're dealing with Hubbard, for example, and I don't want to deviate, I'm not trying to hear the question. Okay. The question is, is what is the category of the disorder falls within? That is an appropriate category to fall within the narrow collateral order doctrine as defined by Mohawk. Well, I would again answer the subset of the medical and the documents that are an issue here because they were filed without authorization and they are not public. And GW has never, uh, in the District Court, uh, shown why the purpose for filing the documents, and it has never countered the argument or the exhibits that were filed in support that, um, the documents were not public. And, you know, a, I know the circuits, you mentioned the federal jurisdiction, uh, this circuits rule speak to agencies and the District Court, not federal agencies only. But the sealing order has to mean something. There has to be, and it's not just a matter of going, you know, for contempt or sanctions or whatever the case might be. Uh, so I would again say the categories are the subset of the medical that is not revealed in the amended complaint and the documents here. Now, again, I'm not asking as in Hardaway for a prospective, a prospective order here. I'm only speaking about prior files. Um, and I think that that is a confined category. Thank you. We'll make sure there's no additional. I just want to follow up on Judge Wilson's question. When you say, I get that you haven't filed other than you mentioned any of the documents from this sealed matter, but are any of the facts contained in those documents that are all sealed under this, uh, uh, DCCA order, are any of those facts made public in your complaint or your filings? Um, I do discuss facts, for example, uh, that, uh, the university in connection with an abusive process and another claim that the university and PMA management through their council were engaged in ex-party communications with the ALJ. I'm also assuming here, maybe I'm wrong. I don't know how the process works, but I'm just assuming that before the workers' compensation, as part of the workers' compensation proceeding, you describe at least at some level your injuries and when they happened and where they happened, um, right? That's right. I did. Yes, I do. There's a lot of material that was sealed by DOES that was being discussed on the public record here. Um, well, the information is not, it's not that it was sealed by the DOES. It's just not made public by the DOES and it's not, it's not sealed. It's just, they don't share it publicly. Exactly. It's the DCA that sealed it. I'm sorry. Right. So, so that's a different thing. So then, but the DCCA just categorically sealed the entire proceeding, even though lots of those facts appear in your own filings. But it also sealed the agency record. Um, and I understand what that agency, right. I understand it's sealing and you're not saying that everything there should be sealed or should even fall within a category for purposes of MOHA. Well, yes, but you know, anytime there's a question, uh, of whether a document should be sealed or public access should be restricted, it is somehow relevant to the case on the merits or in substance in some way. And in this case, uh, it's no different than say in Hardaway where the disability was relevant to her claim for housing benefits, uh, from the DC government. Uh, it is not different from the case in MetLife where there was a question about a designation of a systemically important financial institution. And those were the documents that were an issue. Um, so those were all related to the merits and they were discussed in the party's filings that were not redacted or sealed. So my perspective, and I believe the law supports this is just because a matter is an issue or mentioned in a filing, whether it uh, because if that were the case, then there would be a lot fewer public access cases. Uh, you know, I didn't file, for example, my shopping list and say, well, you know, it's irrelevant. And I filed and I want it sealed. It's relevant of course, but that's true in all of these cases. Um, and this case should be treated no differently. And make sure my colleagues don't have, oh, we will give you time, a little time for a while to make sure my colleagues don't have additional questions. Okay. We'll give you a little time for rebuttal. Thank you. Thank you. Good afternoon, Your Honor. Jared Emig on behalf of the Appellee, George Washington University. Your Honors, George Washington respectfully requested Judge McFadden's minute order be motion to dismiss. Respectfully, this court does not have jurisdiction to hear this appeal. This court has already addressed the issue or not of whether there's a judgment in this case in the subsequent appeal. And this court held under the blue case because there was still this pending claim or pending claim against a defendant that did not receive a dispositive motion relief means it's not a final judgment. So now we're left with how does the appellant establish jurisdiction in this court? There's no statutory basis she can rely on. So can you help us with the Mohawk analysis? It does seem to me that there's certain categories of personal medical information that are traditionally kept very private and confidential and protected. Is it your position that Mohawk doesn't protect any medical information ever? It's my position that Mohawk says there must be a conclusive order, which the minute order is a conclusive order. It must resolve an important question separate from the merits, which I think whether or not these records are medical records somehow are so it's so intertwined with the merits of this case that we don't have a separate conclusive order. I'm talking about just medical information, the subset of medical information. Can you just answer me, what is your position? Is it that under Mohawk, there's no definable category of medical information? I wouldn't go that far. Okay, then what definable category of medical information could be subject to review under Mohawk? I think if there is some mass dissemination of medical records, an institution applying a specific case, whether documents... What? I don't understand. I don't understand whether it has to be mass or not. I'm trying to understand what medical information you think would be the type of category that would be subject. I don't care whether it's a mass dissemination or a single dissemination. I think some type of medical information that would cause irreparable harm to the patient, that there's a privacy interest that might... So someone was a victim of a sexual assault. Right. Is that the type of hospital treatment and they diagnosed that this was as a result of forcible trauma? That would probably be information that would need to be protected and need to be addressed. Because? Because it's so private and there's privacy. I don't know how so private is a category. I'm really struggling with what the category should be here. So you're not willing to... Your position is not that medical information just doesn't qualify under Mohawk, that there's some category. And I'm trying to get from you how you articulate that category so we can see how that compares to how she articulates the category. My recollection of Mohawk is it does not say question dealing with medical records automatically applies for a collateral appeal. It didn't involve medical records, so of course it did not say that. What I'm saying is Mohawk tells us it has to be something important. It can't be appealed ever upon a final judgment and it involves some question of law. So I envision... It can't be remediated by appeal after a final judgment. Okay, so what is this category of medical information that would fall within that? It would have to be some, you know, I'm trying to come up with some idea that would fit within those Mohawk categories. I mean if she were to show or to argue that the subset that she's talking about here would result in irreparable injury for ABC reasons, then you would agree, it sounds like. These facts I would not because there was no medical information being conveyed in those 16 exhibits other than the one joint pre-hearing statement. If she were to argue irreparable injury and the district court were to agree with her, I see you would argue there's no irreparable injury. But your category was information, medical information, private medical information that could result in irreparable injury. If she made that showing, then she would, in your view, have the type of category of information that would be subject to review. In this case, no, your honor, because... Even if the district court found it was irreparable injury? Would it cause irreparable injury? Because under this case, as Dr. Hady has consistently put within the public spectrum... I'm asking you to answer a question. If she argued and the district court ruled that disclosure of this subset of information is intimate private medical information, not traditionally shared with the public even in litigation, and disclosure would cause irreparable injury, the district court made those findings after you argued against them. Would you still be here arguing that's an impermissible category for Mohawk purposes? Yes, your honor. I don't think it rises... I thought you said that was your category. It was irreparable injury. I'm saying there could be a situation where a disclosure of medical records or medical information would rise to the level of irreparable injury. I'm saying in this case, we're nowhere... Okay, you're right. We're not communicating. I said if the district court found irreparable injury, then it would be a Mohawk category. You said it shouldn't find it here, but if it did, it would be a Mohawk category. Part of the problem here, and it's not just a problem in your brief, Mr. Inmate, but we ordered the parties to brief jurisdiction, and we said in our order from the special panel to not incorporate by reference what you had put in your motion. Your brief on page one said, well, we incorporate by reference what was in our motion, and there's no argument in your brief about jurisdiction. In Pallant's brief, there's no real meaningful argument on jurisdiction, and I guess I just feel like it'd be remiss of me to not admonish both of you for not following our orders. This is important. We need to know whether we have jurisdiction over this appeal or not. But yet, it was something that wasn't deemed important enough to fully brief as we asked you to. That bothers me. Your Honor, I apologize for that. I think we were cognizant of the page order. We should not have disregarded your order. I say that we did address it in a motion to dismiss, but I believe it's still pending. We should not have referenced it in the brief. That, I apologize. But I don't think our argument has changed since we filed the pending motion to dismiss. So, help me get the answer to Judge Millett's question. What is the category for Mohawk purposes with respect to medical diagnoses or medical information? Are you saying that you're not saying that it's never a collateral order? You're just saying only sometimes it is. Well, when is it and when isn't it? Your Honor, I cannot come up with a finite set when it is or when it isn't. What we have here is a typical motion to seal that addresses things that are not medical records, that are documents that were put into place, called into issue by an affidavit that Ms. Abelhady filed in response to our motions to dismiss, a motion for summary judgment. She opposed those by way of an affidavit, contradicted prior affidavit, that contradicted her complaint. In her complaint, in her prior affidavit, she says, I was injured. This was a workers' compensation claim. I filed for workers' compensation benefits. I received benefits. We litigated it. It went up through a formal hearing level. The formal hearing was dismissed. That was all in the public record at the stage that we filed our dispositive motion. Ms. Abelhady filed this second affidavit in support of her opposition to my motions for summary judgment. In that affidavit, she reversed course and said, I wasn't working. This case wasn't subject to workers' compensation. George Washington filed a reply saying that this was tantamount to a sham affidavit because it contradicted her prior affidavit. Judge McFadden agreed with this, and he went through explicit detail in his memorandum order stating that Ms. Abelhady's affidavit was a sham affidavit. In order to prove that her affidavit was a sham affidavit, we needed to put into evidence the workers' compensation document. That's fine. I guess none of that answers the question, though. I mean, you can put classified information into evidence. Whether you needed to put it into evidence has nothing to do with whether that has to be on the public record. And I guess what I'm trying to understand is what is the category of medical type of information that the question of whether or not it can be put on the public record is sufficiently important and collateral enough that that's appealable. How do we know it when we see it? I understand you don't think that this is a case that we need to know how to identify it. I think if it has identifying insurance information, if it were to have diagnoses, physical examination results, medications, that type of information, that would rise to the level of something that the court should consider sealing and apply to Hubbard. We don't have any of that in this case. Diagnoses. You agree. Diagnoses, except to the extent, and this is the critical point, and I think this is why Judge McFadden's minute order applied with Hubbard, except to the extent that it had already been disclosed. That's not the jurisdictional question. No, Your Honor, and I'm blending. You're trying to go over there. We don't even talk about that. We've got jurisdiction. I mean, you represent a hospital that must have enormous amounts of medical information at its hand, and I would think that your client would have a view on whether someone can compel it to just throw all that stuff into a public record or whether there are things that it says, no, no, these things should not be subject to public filing, and if you order me to, I'm going to challenge that on appeal. Your Honor, I guess I'm having trouble, and I understand that Ms. Abdel-Hady has created a subset under Mohawk of what would be a permissible interlocutory order, and she says medical records. Okay. I'm locking back off that. She started talking about a subset of ones, and I think she included diagnosis, which you just said you agree the diagnosis as well. That's set forth in a medical record. That might start talking about a sufficient question. Doctor's oral announcement of a diagnosis wouldn't be protected, only the medical record documenting it. But this is where it blends in, and it has to blend in respectfully to the merits of the argument. It can't. I don't know how else. Well, we have to decide whether we have jurisdiction before we get to the merits, so we can't blend jurisdiction and the merits. We have to define what's appealable and what's not without peeking ahead to the merits. But she is not requesting in this case that a medical record be sealed and that this court has jurisdiction to address the issue of whether or not a medical record is concealed. She submitted 16 exhibits. None of them are medical records. They're just not. The only one that had reference to physicians was the one that Judge McFadden actually sealed. So what are we left with? We're left with, is there jurisdiction to this court to grant an interlocutory appeal, a personal injury case, when there's evidence on the record of a workers' compensation case? We can't. Mohawk says this is not a case-by-case determination. So whatever happened in this case doesn't matter. And now I'm trying to get back to the point that she said diagnoses, you said diagnoses. Some of the sealed information here is of a diagnosis. But that information is now, or some of the information that she wishes to have sealed is of a diagnosis. If you agree on that circle, then the district court may have erred. You would have to tell me they erred because you think diagnoses is a category. I look at, and I think I'm blending what may be sealable, what may generate an appeal under Mohawk. It may be sealable in this report if it's a medical record making reference to a diagnosis as opposed to another document that references the diagnosis. They're two different things. When I look at Mohawk and it says the order must be inclusive, it must resolve important questions separate from the merits, and most importantly, it must be effectively unreviewable on appeal. I use Mohawk in that perspective. Okay, so if diagnoses are just not supposed to be out there, that's something people are entitled to keep private, not put on the public record for the world to see, that's not going to be effectively reviewable on appeal after a trial when it's all put out there in the public, and nowadays it's electronically available to many people. It's not going to be reversible. It's not going to be remediable on appeal. I disagree, Your Honor. I'm talking about a diagnosis contained in a medical record. I know we can't go case by case, but Your Honor did bring an element into that. Every personal injury case makes allegations about duty, breach, and injury that's in there, and that's what Ms. Abdulhadi did in this case. Her diagnosis is all over the records. She filed the original complaint. It was unsealed for almost a month. That unsealed complaint, in addition to all the torturous activity that she's alleging my client did, she specifically alleges all of her injuries, all of her injuries, medical providers, and care. It's all in there, and then when she sealed her complaint and her amended complaint, she continued to talk about her injuries, her bruises, her hematoma, where she was treated. The fact that there's diagnosis in something other than a distinguished way, I don't see it as giving grounds for a basis under Mohawk to file an interlocutory appeal. I'll make sure my colleagues don't have additional questions for you. Thank you, Mr. Remick. Ms. Abdulhadi, we'll give you two minutes for rebuttal. Thank you. I looked at Mohawk again to try to understand. Just back on Mohawk and jurisdiction, and Your Honor, I take your point about not addressing it in the brief, and this is not to comment on the quality of the discussion. That's obviously for the court to decide, but the opening brief of the appellant did discuss jurisdiction, so I just wanted to note that. In terms of the Mohawk, it's my understanding in that case that the imperilment of attorney-client privilege was not reviewable because there was no irreparable injury, that that could be addressed after review or adjudication on the merits. In this case, we're not talking about that privilege, and again, I would keep my subset of medical records and the documents an issue here, but here, there is no way to address this after adjudication on the merits. In this case, by the way, it's solved. There is nothing happening in the district court right now. It's all in this court. So, on the Mohawk, if that's a better understanding of the question, I would stick with my subset, but again, say there is irreparable injury. The university- Please do not define it by and things in this case. Can you articulate your subset in a way that would govern other cases as well? Okay. I would articulate it as information that is universally or generally regarded as private and that is not necessary for the public to understand and that is subject to a privilege. I would add this after a comment. I don't know if it has to conjunctive, but that is subject to a privilege that is held by the individual and where there are standards of waiver. By the way, they talk about waiver, whether that privilege is waived. I'm not talking about attorney-client. I'm talking about medical privacy. So, maybe those are some general criteria, but I'm not looking to make criteria, and I understand the court's and there is universal recognition of that private information. The university just, I believe, conceded diagnoses. It stated treatment and medication. The medical information and issue here discusses courses of treatment. It doesn't name a prescription, but there was clearly, that's equivalent to medication. It was to treat the injury. The university also states that it didn't disclose medical information. That is false, and it's a repetition of a false statement that it's made throughout this case. Again, at my brief on page five, I discussed that the university's filings, including the 16 documents that it screenshotted and some of its replies, mentioned one particular diagnosis 25 times, although that was under seal in the district court. In terms of the irreparable injury, you know, the primary injury here is not one that's well understood, I believe, generally speaking. We don't have expert material on that, but again, the public doesn't need to know those details, and in the Hardaway case, the court considered the interest specific that the party there had. I am an attorney, and I think that with one injury in particular, you know, the public doesn't know what happened subsequently, what the course of it is, but I clearly have an interest in not disclosing that and making it available to anyone, any in the world, to read and to make assumptions about no one in the public is going to be making diagnoses or using that for any other purpose, and they know what happened in this case from the public complaint. So I have an interest. George Washington knows that very well, and for whatever reason, not a good reason that it's articulated, continues to publicize this information by putting it on the public docket. I have to, I apologize. If you have one very brief point, you can make it, but one very brief, and I thank you for that, because the university has again stated that the plaintiff filed a sham affidavit, and I want to point the court to my reply brief at page 12. That is not an accurate narrative. It doesn't cite what that was, because that's also, you know, that's not someone has filed a sham affidavit, and that someone's also a lawyer, and I discussed that in detail in my Rule 54B motion. That's not part of this record. It's at 68-1, but since the university here repeats these claims, which are not accurate, I wanted to respond to that, and I thank the court for the additional time. Thank you. Thank you, Ms. Abelfay. Thank you, Mr. Hamig. Take this case under submission.
judges: Srinivasan, Millett, Wilkins